UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HARVEY E. LARSON, | Civil No. | 16cv1982-WQH (BLM) |
|---|---|---|
| Petitioner, | | |
| vs. | **SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** | |
| STU SHERMAN, Warden, | | |
| Respondent. | | |

Petitioner Harvey E. Larson, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his sentence arising from his conviction in San Diego Superior Court Case No. SCE195230. (See Pet. at 1.) Petitioner has also filed a motion to proceed in forma pauperis. (ECF No. 2.) The Court does not rule on Petitioner's in forma pauperis status because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his sentence in San Diego Superior Court Case No. SCE195230. On August 21, 2009, Petitioner filed in this Court a Second Amended Petition for a Writ of Habeas Corpus challenging his conviction and sentence in San Diego Superior Court Case No. SCE195230. (See Larson v. Carrasco, So.Dist.Ca. Case

No. 09cv0745-L (PCL), ECF No. 9).) On February 25, 2011, this Court denied the petition as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), and denied a certificate of appealability. (See Larson v. Carrasco, So.Dist.Ca. Case No. 09cv0745-L (PCL), ECF No. 51).) Petitioner appealed that dismissal, and on August 23, 2012, the Ninth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. (See Larson v. Carrasco, So.Dist.Ca. Case No. 09cv0745-L (PCL), ECF No. 59).)

Petitioner then challenged the same conviction and sentence in a habeas petition filed in this Court on September 3, 2014. (See Larson v. Alison, So.Dist.Ca. Case No. 14cv2083-JAH (JMA), ECF No. 1).) The Court dismissed that petition as successive on September 10, 2014. (See Larson v. Alison, So.Dist.Ca. Case No. 14cv2083-JAH (JMA), ECF No. 3).) Petitioner again challenged the same sentence in a habeas petition filed in this Court on April 26, 2016, which was dismissed as successive on May 11, 2016. (See Larson v. Alison, So.Dist.Ca. Case No. 14cv2083-JAH (JMA), ECF Nos. 1, 3).)

Petitioner is now seeking to challenge the same sentence he challenged in his prior federal habeas petitions, claiming that the manner in which sentence credits are applied to prisoners sentenced under California's Three Strikes law, such as himself, violate his federal Constitutional rights. (Pet. at 6.) A petition is second or successive if the claim presented was ripe for review at the time the first petition was filed, even if the petitioner was unaware of the existence of the claim. United States v. Buenrostro, 638 F.3d 720, 725 (9th Cir. 2011). A petition is not second or successive if the petitioner did not have an opportunity to raise his claim at the time he filed his first petition. Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002). Because Petitioner "could have raised his claim in his first petition," the instant petition is second or successive. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001); see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that a prior dismissal of a previous petition for failure to comply with the one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)). Unless a petitioner shows

he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A). Petitioner does not indicate that he has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition. (Pet. at 5.)

## CONCLUSION

Because Petitioner has not obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. See United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.") Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. **The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File Second or Successive Petition.**

**IT IS SO ORDERED.**

DATED: August 11, 2016

*[Signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge